UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON #748757,

    Plaintiff,

v.

UNKNOWN PERALA et al.,

    Defendants.

_____/

Case No. 2:18-cv-0015

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Douglas Cornell Jackson pursuant to 42 U.S.C. § 1983. Defendants filed a "Motion for Involuntary Dismissal or to Compel Discovery." (ECF No. 42.) In this motion, Defendants ask the Court to either dismiss this case or extend the discovery deadline and compel Plaintiff to submit to a deposition. For the reasons stated below, the undersigned recommends that this motion be granted in part and denied in part. It is recommended that the Court deny the motion to dismiss and grant the motion to extend the discovery deadline and compel Plaintiff to submit to a deposition.

In addition, Defendants filed a "Motion to Amend the Case Management Order." (ECF No. 47.) But if the Court adopts the undersigned's recommendation to extend the deadlines, the motion to amend the case management order would be moot.

## Background

Defendants' motion to dismiss or to compel stems from issues surrounding Plaintiff's deposition. The Case Management Order (CMO) issued on September 10, 2018 authorized Defendants to take Plaintiff's deposition. The CMO also set a discovery deadline of January 8, 2019 and a dispositive motion deadline of February 5, 2019. (ECF No. 25.)

Defense counsel initially planned to depose Plaintiff on December 21, 2018. A conflict with that date arose, however, and the day before the scheduled deposition, Defendants sent Plaintiff a new notice with a deposition date of January 2, 2019.

Meanwhile, on December 31, 2018, Plaintiff filed an "Emergency Motion to Stop Threats of Death, Physical Harm and Other harassment During the Pendency of this Civil Action by Prison Guard Douglas Black." (ECF No. 39.) On the new scheduled date for the deposition – January 2, 2019 – Plaintiff refused to let Defendants take his deposition. Plaintiff stated that he would not let his deposition be taken until after the Court ruled on his emergency motion.

On January 17, 2019, U.S. Magistrate Judge Greeley issued a report and recommendation, recommending the denial of Plaintiff's emergency motion. (ECF No. 41.) After Plaintiff failed to object, the Court adopted the report and recommendation on March 22, 2019. (ECF No. 60.)

Defendants move to dismiss this case pursuant to Fed. R. Civ. P 37(b)(2)(A)(v) and 41(b) or, in the alternative, to issue an order extending the discovery deadline and compelling Plaintiff to submit to a deposition. Shortly after filing that motion,

Plaintiff filed a motion seeking to extend the discovery and dispositive motion deadlines.

## Discussion

Rule 37 of the Federal Rules of Civil Procedure authorizes the Court to impose sanctions on a party for failing to comply with a court order regarding discovery or failing to comply with discovery obligations in the absence of a court order. Pertinent to this case, the rule provides that the Court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(1)(A)(i). The available sanctions for failing to comply with a court order include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Similarly, Fed. R. Civ. P 41(b) provides that the court may dismiss a case when a party fails to comply with the Federal Rules of Civil Procedure or a court order.

"The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). When determining whether to dismiss an action as a sanction for failing to comply with a discovery order, courts should consider the following four factors:

> (1) Whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault;

>   (2)   Whether the adverse party was prejudiced by the other party's failure to cooperate in discovery;
>
>   (3)   Whether the dismissed party was warned that failure to cooperate could lead to dismissal; and
>
>   (4)   Whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.,* 420 F.3d 641, 643 (6th Cir. 2005). The four factors are "largely the same" regardless of whether the court is evaluating a dismissal under Rule 37(b), Rule 41(b), or its inherent powers. *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n.1 (6th Cir. 1994).

In this case, Defendants address only one of the four factors in their motion. They argue that Plaintiff acted in bad faith because he had ample notice of the deposition and failed to inform Defendants that he did not intend to participate. Defendants also point to an unpublished decision from this Court, where an inmate's case was dismissed for failing to attend a deposition. (PageID.787) (citing *Jackson v. Pittsley*, No. 2:12-cv-382 U.S. Dist. LEXIS 27761 (W.D. Mich. Mar. 5, 2014)).

However, after considering all four of the factors, the Court finds that dismissal is not an appropriate sanction at this time. Plaintiff may very well have acted in bad faith as Defendants contend. But the remaining three factors weigh against dismissal. First, any prejudice suffered by Defendants can easily be remedied by extending the discovery deadline and compelling Plaintiff to submit to a deposition. Second, the Court has never warned Plaintiff that his failure to cooperate in discovery could lead to dismissal. Third, the Court has not imposed any other sanctions in this

case. As the Sixth Circuit has explained, "[d]ismissal is the sanction of last resort." *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994).

Although dismissal is inappropriate, the undersigned recommends that the discovery deadline be extended for 30 days to allow Defendants to take Plaintiff's deposition. In addition, the undersigned recommends that any dispositive motions be due no later than 28 days after the deposition. If these recommendations are adopted, the motion to amend the case management order would be moot.

Accordingly, the undersigned recommends that Defendants' motion to dismiss or to compel (ECF No. 42) be granted in part and denied in part. The undersigned further recommends that Defendants' motion to amend the case management order (ECF No. 47) be found moot.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: April 3, 2019

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U.S. MAGISTRATE JUDGE