UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS CORNELL JACKSON #748757,   Case No. 2:18-cv-00015

    Plaintiff,   Hon. Hala Y. Jarbou
        U.S. District Judge

v.

UNKNOWN KOKKO, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner Douglas Cornell Jackson pursuant to 42 U.S.C. § 1983. On October 23, 2020, the Court entered a Case Management Order (CMO) setting a June 7, 2021, jury trial. (ECF No. 128.) The CMO provided that Jackson's Pretrial Narrative Statement was due on or before April 7, 2021. (*Id.*) Jackson was warned that his "failure to file a Pretrial Narrative Statement will result in dismissal of plaintiff's complaint for failure to prosecute and to comply with the orders of this Court." (*Id.*)

The CMO states in part that:

- 1 -

> If plaintiff fails to file a Pretrial Narrative Statement, defendants will not be required to file a Pretrial Narrative Statement and shall notify the Court in writing of plaintiff's failure to comply. ==Plaintiff's failure to file a Pretrial Narrative==
>
> ---
> 1  See attached Notice Regarding Issuance of Subpoenas/Writs of Habeas Corpus Ad Testificandum.
>
> 2
>
> ---
>
> Case 2:18-cv-00015-HYJ    ECF No. 128, PageID.1527    Filed 10/23/20    Page 3 of 10
>
> ==Statement will result in dismissal of plaintiff's complaint for failure to prosecute and to comply with the orders of this Court==. *See* Fed. R. Civ. P. 41(b).

(ECF No. 128, PageID.1526-1527.)

Jackson did not file a Pretrial Narrative Statement. On April 12, 2021, Defendants filed a notice, as required by the CMO, advising the Court that Jackson had failed to file his Pretrial Narrative Statement with the Court or to serve his Pretrial Narrative Statement on Defendants. (ECF No. 129.) Defendants request that the Court dismiss the Case for failure to prosecute. (*Id.*)

It is well settled that the Court has inherent authority to dismiss *sua sponte* an action for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). In addition, Fed. R. Civ. P. 16(f)(1) provides that sanctions, including dismissal of the case, may be imposed when either counsel or a party fails or refuses

to appear at a scheduling or pretrial conference, fails to participate in the conference, or fails to obey a scheduling order or other pretrial order.

A Court does not abuse its discretion by dismissing a case for failure to prosecute when the plaintiff was warned that failure to file a Pretrial Narrative Statement will result in the sanction of dismissal. *Norton v. Toth*, 886 F.2d 1316 (6th Cir. 1989). **When the Court has provided notice of dismissal as a sanction for the failure to file a Pretrial Narrative Statement, the Court is** "**not required to impose a penalty short of dismissal even absent a finding that [plaintiff] was acting in bad faith or had engaged in contumacious conduct**." *Id.* (emphasis added).

Jackson was warned that his case would be dismissed if he failed file a Pretrial Narrative Statement on or before April 7, 2021. Despite that warning, Jackson did not file a Pretrial Narrative Statement.

Accordingly, it is respectfully recommended that the Court dismiss Jackson's complaint, pursuant to Fed. R. Civ. P. 41(b), due to Jackson's failure to file a Pretrial Narrative Statement.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

- 4 -

Dated:   April 20, 2021                         /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U.S. MAGISTRATE JUDGE